IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ARTURO NAVARRETE-SILVA, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 06-0914-CV-W-ODS |
| ) | Crim. No. 05-0132-01-CR-W-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER AND OPINION DENYING MOTION FOR POSTCONVICTION RELIEF
PURSUANT TO 28 U.S.C. § 2255 AND DENYING CERTIFICATE OF APPEALABILITY

Pending is Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. #1). After reviewing the file, the Court concludes the motion should be denied.

I. BACKGROUND

On March 31, 2005, Movant was charged with distributing and conspiring to distribute methamphetamine in an amount of fifty (50) grams or more. On November 22, 2005, Movant pled guilty to the conspiracy charge, and pursuant to his plea agreement, the Government agreed to dismiss the distribution charges. As part of the plea agreement, Movant stipulated that between February 27, 2005 and March 3, 2005, Movant agreed with others to distribute methamphetamine in the Kansas City area. Methamphetamine was shipped from San Diego, California to the Western District of Missouri. On or about March 1, 2005, approximately one and a half pounds of methamphetamine was seized from Movant's residence. The Government did not seek an upward departure and Movant did not seek a downward departure. Movant was sentenced to the statutorily mandated minimum of 120 months incarceration under 21 U.S.C. § 846. Movant did not appeal this sentence and on November 3, 2006, Movant filed this motion, contending he was (1) denied effective assistance of counsel and (2) his sentence violates United States v. Booker, 125 S. Ct. 738 (2005).

II. Discussion

A. Ineffective Assistance of Counsel

     Movant raises two claims of ineffective assistance of counsel, claiming defense counsel was ineffective for failing to argue for a lesser sentence based upon his family ties and his status as an alien who could be deported. A claim of ineffective assistance of counsel is governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). "This standard requires [the applicant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S. 1214 (1996) (quoting Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir. 1992)). This analysis contains two components: a performance prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," Strickland, 466 U.S. at 690, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Id. at 689. Assuming the performance was deficient, the prejudice prong "requires proof 'that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.'" Lawrence, 961 F.2d at 115 (quoting Strickland, 466 U.S. at 694).

Id. Failure to satisfy both prongs is fatal to the claim. Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness"); see also DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) Movant contends his attorney was ineffective in failing to assert certain arguments under the Sentencing Guidelines. Even if this violated the performance prong, the prejudice prong cannot be satisfied because movant received the shortest sentence allowed by the statute.

B. Booker

     Movant argues the Court treated the Sentencing Guidelines as mandatory

pronouncements and thus failed to follow Booker. However, Booker does not render unconstitutional a statutory mandatory minimum sentence. United States v. Warford, 439 F. 3d 836 (8th Cir. 2006).

C. Certificate of Appealability

In order to appeal, Movant must first obtain a Certificate of Appealability. 28 U.S.C. § 2253(c)(2) provides that a Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires Movant to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quotation omitted).

The Court has conducted an independent review of the matter and concludes that a Certificate of Appealability should be denied. When a Certificate of Appealability is denied, the court is required to "state the reasons why such a certificate should not issue." Fed. R. App. P. 22(b). The Court denies a Certificate of Appealability because Movant was not eligible for a downward departure, as he was sentenced to the mandatory minimum of 120 months. Further proceedings are not warranted, accordingly, a Certificate of Appealability is denied.

### III. CONCLUSION

For the foregoing reasons, Movant's application for post-conviction relief pursuant to 28 U.S.C. § 2255 is denied and Certificate of Appealability is denied.

IT IS SO ORDERED.  /s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: February 14, 2007  UNITED STATES DISTRICT COURT